IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRENTDRICK DEMOND COLLIER,  )<br>        #02220895,                              )<br>                                                    )<br>            Petitioner,                         )<br>                                                    )           CIVIL ACTION NO.<br>VS.                                              )<br>                                                    )           3:23-CV-2282-G-BN<br>WARDEN BRISTOW,                      )<br>                                                    )<br>            Respondent.                    )  | |

### ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY

The Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("FCR"), entered on March 5, 2024, recommended that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by the petitioner Brentdrick Demond Collier be dismissed with prejudice as barred by the statute of limitations. *See* docket entry 11. On March 21, 2024, the respondent filed objections to the FCR, asserting that the correct date on which the petitioner's state criminal conviction became final was August 10, 2020, rather than June 9, 2020 as stated in the FCR, because the United States Supreme Court has extended the deadline to file

petitions for writs of certiorari from 90 days to 150 days during the COVID-19 pandemic. *See* docket entry 14 at 1. The court sustains the respondent's objection.

By the time the petitioner filed his state habeas application on August 6, 2021, the date on which the notarization included with the application was signed, 361 days had elapsed since his conviction became final on August 10, 2020, leaving him four days to file his federal petition. The Texas Court of Criminal Appeals denied the state habeas application on April 13, 2022. *See* FCR at 7. The limitations period was therefore tolled from August 6, 2021, through April 13, 2022, and it began to run again on April 14, 2022 for the remaining four days. The petitioner did not file his § 2254 petition until October 5, 2023, nearly 1.5 years after his limitations period expired. Accordingly, even accounting for a final date of conviction of August 10, 2020, the § 2254 petition remains time-barred.[1]

Having considered all relevant matters of record in this case, including the FCR and the objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the court **ACCEPTS** the FCR insofar as it ultimately recommends dismissal of the § 2254 petition as barred by the statute of limitations. By separate judgment, the petitioner's 28 U.S.C. § 2254 habeas petition will be **DISMISSED** with prejudice as time-barred.

---

[1] Even were the court to use the April 2, 2020 date on which the petitioner reportedly signed the unsworn declaration included in his state habeas application as the date on which the state habeas application was filed, the petitioner still did not file the § 2254 petition until over a year after the limitations period would have expired.

In accordance with Fed. R. App. P. 22(b) and 28 U.S.C. § 2253(c) and after considering the record in this case and the recommendation of the United States Magistrate Judge, the court **DENIES** a certificate of appealability (COA).  The court accepts and incorporates by reference the Magistrate Judge's FCR in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[2]

---

[2] Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, as amended effective on December 1, 2019, reads as follows:

> (a) **Certificate of Appealability**.  The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).  If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  A motion to reconsider a denial does not extend the time to appeal.
>
> (b) **Time to Appeal**.  Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

In the event that the petitioner files a notice of appeal, he must pay the $605.00 appellate filing fee or submit a motion to proceed *in forma pauperis* that is accompanied by a properly signed certificate of inmate trust account.

**SO ORDERED**.

April 3, 2024.

_____
**A. JOE FISH**
**Senior United States District Judge**